IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**JESSICA ALLEN,**

    **Plaintiff,**

vs.

    Case No.: _____

**DEARBORN NATIONAL LIFE
INSURANCE COMPANY,**

    **Defendant.**

## COMPLAINT

COMES NOW the Plaintiff, Jessica Allen (hereinafter "**Plaintiff**" or "**Ms. Allen**"), by and through her attorneys, and for her Complaint against Defendant Dearborn National Life Insurance Company (hereinafter "**Defendant**" or "**Dearborn**"), states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction in this matter may be based on 28 U.S.C. § 1332 (federal court "diversity jurisdiction"). Plaintiff is a resident and citizen of the State of Tennessee. Upon information and belief, Defendant is an entity formed and organized under the laws of Illinois and with headquarters/principal place(s) of business in Illinois. Further, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

2. Alternatively, to the extent that this matter is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), jurisdiction of this case is based on 29 U.S.C. §§ 1132(e)(1) and 1132(f). Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans; here, this may consist of the Metropolitan Board of Public Education's Long

Term Disability Plan and corresponding insurance policy issued/underwritten by Dearborn (**Group No.: F019117:1**) [hereinafter the "**Plan**" and the "**Policy,**" respectively]; which was (and is) underwritten, administered and/or managed by Dearborn for the benefit of certain employees of the Metropolitan Board of Public Education (Nashville/Davidson County, TN) (hereinafter "**Board of Education**"). In addition, to the extent that ERISA controls here, this action may be brought in this Court pursuant to 28 U.S.C. § 1331, which gives District Courts jurisdiction over actions that arise under the laws of the United States ("federal question jurisdiction").

3. To the extent that this matter is governed by ERISA, that statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. In any event, all avenues of appeal, *i.e*., administrative remedies, have now been exhausted by or on behalf of Plaintiff. *See*, **Dearborn Claim No.: GDC-38825-02**.

4. Venue is proper in the Middle District of Tennessee, pursuant to 29 U.S.C. § 1132(e)(2) and/or 28 U.S.C. § 1391.

## RELEVANT PARTIES

5. Ms. Allen lives in Madison, Tennessee, and a substantial part of the events, transactions, and occurrences material to her claim for disability took place within the Middle District of Tennessee.

6. At all times relevant hereto, Plaintiff was an "employee" of the Board of Education, that being her "employer"; *cf*., 29 U.S.C. §§ 1002(5) and (6). Plaintiff worked as a literacy teacher and development specialist for the Board of Education; however, due to her established disability, she last worked there on or about September 24, 2019.

7. At all times relevant hereto, the Board of Education was the Plan Sponsor and Plan Administrator for the Plan; to the extent that ERISA controls here, it was also "plan sponsor,"

"administrator," and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21).

8. At all times relevant hereto, Defendant Dearborn was the underwriter, provider of benefits, plan administrator, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan; alternatively, or in addition, to the extent that ERISA controls here, Dearborn was an "administrator" and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21). Here, it is apparent on the face of the record that Dearborn is both ultimate decision-maker (claims administrator, claims-review fiduciary, claims fiduciary) and payer/funding source of any benefits, and thus it is alleged that Dearborn has a financial conflict of interest/bias that may impact the standard of review used by the Court.

9. At the times relevant hereto, Defendant Dearborn acted as agent for the Plan and for Plan Sponsor/Plan Administrator the Board of Education.

10. Under the Plan and/or Policy, the Board of Education delegated or assigned to Defendant Dearborn the claims-fiduciary and claims-administrator duties for the Plan and under the Policy; *i.e.*, decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for or under the Plan and the Policy.

11. At all times relevant hereto, to the extent that ERISA controls here, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); as an incident to her employment, Plaintiff was eligible and covered under the Plan and thus would qualify as a "participant" as defined by 29 U.S.C. § 1002(7).

12. At all times relevant hereto, the Plan/Policy provided generally for payment of disability benefits if Plaintiff became disabled and unable to work because of injury, illness,

3

sickness, and/or other covered medical condition as set forth under the Plan/Policy.

13. The Plan/Policy provides that, an insured is totally disabled when during the first 24 consecutive months of benefit payments due to Sickness or Injury: 1. The insured is continuously unable to perform the Material and Substantial Duties of His or Her **Regular Occupation**, and 2. The insured's Disability Earnings, if any, are less than 20% of his or her pre-disability Indexed Monthly Earnings. After the LTD Monthly Benefit has been paid for 24 consecutive months, Total Disability or Totally Disabled means that due to Injury or Sickness: 1. The insured is continuously unable to engage in **any Gainful Occupation**, and 2. The insured's Disability Earnings, if any, are less than 20% of his or her pre-disability Indexed Monthly Earnings.

## STATEMENT OF FACTS

14. Plaintiff realleges and reavers paragraphs 1 through 13 of the Complaint, incorporating them by reference herein as if specifically restated.

15. Ms. Allen is currently 44 years old, and her date of birth is in July, 1978.

16. Ms. Allen was employed by the Board of Education as a literacy teacher and development specialist. When she last worked, she was earning an annual compensation/wages of approximately $65,000.00.

17. However, due to her established medical disability, Ms. Allen's last day of work was on or about September 24, 2019.

18. The medical conditions that form the basis for Plaintiff's disability include, without limitation, the following: postsurgical hypothyroidism, residual neurologic complications from thyroid cancer, cognitive deficits, back pain, bulging discs, scoliosis, myoclonic jerks, palpitations, and tremors, fatigue, headaches, insomnia, PTSD, mood disorder, severe anxiety, and depression.

19. After she could no longer perform her work for the Board of Education, and based on her employment there, Ms. Allen was eligible and applied for short-term disability ("STD") benefits through Dearborn. STD benefits were awarded from approximately September 2019 through March 2020.

20. After that, her medical condition not having improved, Ms. Allen was eligible and applied for LTD benefits, again through Dearborn. Dearborn initially approved Ms. Allen's claim for LTD benefits and paid such benefits from approximately March 20, 2020 through June 4, 2021.

21. Ms. Allen was notified that Dearborn would no longer be paying these benefits via letter dated June 4, 2021.

22. Despite due appeal(s) by or on behalf of Plaintiff, Dearborn has continued to deny LTD benefits. The final denial letter was dated September 8, 2022.

23. Any and all applicable insurance-policy premiums required for LTD coverage under the Plan/Policy have been fully paid or otherwise satisfied.

24. Plaintiff has filed or caused to be filed any/all notice(s) and/or proof(s) of claim or loss that were conditions precedent to recovering benefits under the Plan/Policy for the losses claimed herein.

25. At all times relevant hereto, *i.e.,* at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the Plan/Policy; such that certain policy benefits are now due and overdue to be paid. That is, her claim was and has continued to be amply supported by her treating medical providers, who have confirmed her continuing inability to work.

26. Under any standard of review that may apply,[1] the position taken by Dearborn in denying this claim, viewed against the entire Administrative Record as properly constituted, cannot withstand judicial scrutiny. The review, analysis, and decision by Dearborn were wrong, as well as arbitrary and capricious, under the circumstances presented.

27. Further, assuming that ERISA applies here, denial of benefits must be reversed to the extent that Plaintiff was not afforded a reasonable opportunity for a full and fair review. *See*, 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1.

28. Plaintiff is entitled to past due LTD benefits, as well as any other companion benefits that were provided under the Plan/Policy during the pertinent time frame. Further, she is entitled to all future LTD benefits and companion benefits provided by the Plan/Policy, provided that she otherwise continues to meet all applicable terms and conditions of same. This includes, without limitation, LTD benefits once the definition of "disabled" or "disability" shifted to an "any gainful occupation" analysis (in or about March, 2022).

29. Based on the facts summarized above and further proof that can be gleaned from the record (Administrative Record), if not adduced through any discovery, Plaintiff has suffered a loss of monies, if not other/additional damages; thus, she alleges the causes of action set forth below.

## CAUSES OF ACTION

### COUNT I --- Contract/State-Law Claims

30. Plaintiff realleges and reavers paragraphs 1 through 29 of the Complaint, incorporating them by reference herein as if specifically restated.

---

[1] Assuming that ERISA applies, Plaintiff respectfully reserves all points and arguments regarding what will be the proper standard of review herein, pursuant to *Firestone v. Bruch*, 489 U.S. 101 (1989), and its progeny.

31. Assuming that the Plan/Policy is exempt from or otherwise not governed by ERISA pursuant to 29 U.S.C. § 1003(b)(1), Plaintiff makes claim for all permissible damages and relief based on breach of contract. This is based on the contract for LTD benefits between Defendant Dearborn and the Board of Education (of which Plaintiff was an intended third-party beneficiary, *i.e.*, Plan beneficiary) and/or the contract between Dearborn and certain Board of Education employees (including Plaintiff). Among other things, Defendant Dearborn has failed, and refuses as of today, to pay to Plaintiff under said contract(s) all of the LTD benefits to which she is entitled and which she relied upon receiving. Defendant Dearborn has also breached the covenant/duty of good-faith and fair dealing that accompanied said contract(s).

32. In addition, assuming that the Plan/Policy is exempt from or otherwise not governed by ERISA, Plaintiff makes claim against Defendant Dearborn for all permissible damages and relief based on Tenn. Code Ann. § 56-7-105 -- Tennessee statutory law for bad faith failure to pay on an insurance policy.

## COUNT II --- Alternative ERISA/Statutory Claim(s)

33. Plaintiff realleges and reavers paragraphs 1 through 32 of the Complaint, incorporating them by reference herein as if specifically restated.

34. In the alternative, Plaintiff makes claim under ERISA for the reinstatement/award of all LTD and related benefits due; past, present and future; pursuant to the Plan/Policy at issue. That is, this is an action by a plan participant seeking recovery of benefits, and clarification/declaration of benefits, brought pursuant to 29 U.S.C. §§ 1001, *et seq.*, in particular 29 U.S.C. § 1132(a); as well as all pertinent implementing regulations and the federal common law developed in the context of ERISA.

7

# **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays for the following relief:

A. That, assuming that the Plan/Policy is exempt from or otherwise not governed by ERISA, the Court enter a money judgment in Plaintiff's favor and against Defendant, based on the common-law and statutory causes of action under state law that are alleged above; said money judgment to be in an amount sufficient to compensate Plaintiff fully for all actual, contractual, compensatory, consequential, incidental, and/or extra-contractual damages, injuries, losses, and expenses caused by or due to Defendant's wrongful conduct; all as allowable under law and subject to the proof; this includes, without limitation, LTD benefits once the definition of "disabled" or "disability" shifted to an "any gainful occupation" analysis (in or about March, 2022).

B. Alternatively, that the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying, and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff any and all LTD benefits to which she was entitled but is still owed; or, alternatively, a dollar amount equal to the contractual amount of benefits to which Plaintiff was entitled but never paid; or, alternatively, assess concomitant surcharge(s) under principles of equity;[2] each together with interest; and all as recoverable pursuant to the contractual terms of the Plan/Policy at issue, under ERISA law, and subject to the proof;

C. Further, alternatively, that the Court enter judgment in Plaintiff's favor and against Defendant; declaring, determining, clarifying, and ordering under ERISA (via 28 U.S.C. §§ 2201,

---

[2] *See, CIGNA Corp. v. Amara*, 563 U.S. 421, 440-445 (2011).

2202 and Fed. R. Civ. P. 57, via injunction pursuant to F. R. Civ. P. 65, via specific performance, or otherwise) that Defendant pay to Plaintiff all LTD benefits to which she is or will be entitled in the future pursuant to the contractual terms of the Plan/Policy at issue; subject to the proof and policy application procedures, as required; and so long as she otherwise continues to meet all applicable terms and conditions of the Plan/Policy; this includes, without limitation, LTD benefits once the definition of "disabled" or "disability" shifts to an "any gainful occupation" analysis;

    D.    If applicable, that the Court award to Plaintiff her attorney's fees and/or costs/expenses of suit pursuant to Tenn. Code Ann. § 56-7-105;

    E.    If applicable, that the Court award to Plaintiff her attorney's fees and costs of action pursuant to ERISA. *See*, 29 U.S.C. § 1132(g);

    F.    That, if applicable, the Plaintiff recover any and all other, different or additional damages, expenses, costs and relief (legal, equitable, declaratory or remedial) to which she may be entitled by virtue of the facts and cause(s) of action alleged above, consistent (as the case may be) with the ERISA statute, regulations and federal common law developed in the context of ERISA, and consistent with the interests of equity and justice; including without limitation any applicable or accrued cost-of-living adjustments ("COLA's"); any provision for waiver of, continuation of payment of, or reimbursement of, premiums on health and dental insurance; any provision for waiver of, continuation of payment of, or reimbursement of, premiums on life insurance (life waiver of premium); and any provision for continued payments/contributions to employer-sponsored retirement plan(s) (if and as any/all of those items may be provided under the Plan/Policy in force); plus pre-judgment interest[3] and post-judgment interest[4] on all amounts

---

[3] *See, Curtis v. Hartford Life & Accident Ins. Co.*, 64 F. Supp. 3d 1198, 1224 (N.D. Ill. 2014) (presumption in favor of prejudgment interest applicable in ERISA cases).

[4] *See*, 28 U.S.C. § 1961.

9

awarded or to be awarded;

G. That the Court order (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant render and provide a full and accurate accounting of all dollar figures and computations for Plaintiff's LTD benefits paid and to be paid; this in sufficient detail that Plaintiff may ascertain that her benefits have been, and are, paid in the proper amounts; and to include any putative offset amounts that might reduce the amount of benefits otherwise paid;

H. That Plaintiff be awarded such additional or other relief as may be appropriate and just; and

I. Plaintiff reserves the right, if appropriate, pursuant to Fed. R. Civ. P. 15 or otherwise to amend/supplement this lawsuit and the Prayer for Relief based on additional fact/circumstances not now reasonably apparent, or to be revealed in discovery conducted herein; and/or based on relevant evidence from Plaintiff's companion claim for SSDI benefits (*pending at this time); and/or to add any party-defendant(s) necessary to afford complete relief to Plaintiff.

Dated this <u>5th</u> day of October, 2022.

**CODY ALLISON & ASSOCIATES, PLLC**

<u>/s/ K. Cody Allison</u>
K. Cody Allison, BPR No. 020623
Samuel D. Payne, BPR No. 019211
Andrew M. Hickman, BPR No. 037331
Cavalier Building
95 White Bridge Road, Ste. #250
Nashville, TN 37205
Telephone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com
sam@codyallison.com
drew@codyallison.com